# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### SOUTHERN DIVISION
No. 7:23-CV-00265-BO-KS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | CONSENT PROTECTIVE ORDER |
| CAMPBELL OIL COMPANY; EXECUTIVE AIR SERVICES, INC.; BRIAN D. CAMPBELL; and DAVID TAYLOR STEPHENS, | |
| Defendants. | |

This matter is before the Court on the consent motion for a protective order relating to the documents, responses to written discovery, electronically stored information, transcripts, or other materials (collectively, "Discovery Materials") in this case. Given the nature of this case, the documents already produced and to be produced in discovery (including, for example, financial records and account numbers, tax and employer identification numbers, and tax records) potentially contain information protected by statutory and other privacy protections.

To expedite the flow of discovery material among the Consenting Parties, to facilitate the prompt resolution of disputes over confidentiality, and to adequately protect individually identifiable information and other sensitive data potentially entitled to be kept confidential, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), and with the consent and agreement between the United

1

States of America; Campbell Oil Company; Executive Air Services, Inc.; Brian D. Campbell; and David Taylor Stephens (collectively, the "Consenting Parties"), it is hereby ORDERED as follows.

1. This Protective Order applies to all Confidential Information. "Confidential Information" means any and all Discovery Materials, including Discovery Materials produced prior to entry of this Protective Order, that a Consenting Party or third party has designated as "CONFIDENTIAL" pursuant to this Order, except to the extent such Consenting Party or third-party (the "Designating Party") rescinds such designation or the Court determines such designation is not proper. A Consenting Party or third party may designate Discovery Material "CONFIDENTIAL" if the party believes in good faith that that the Discovery Material contains:

(a)     information prohibited from disclosure by statute, regulation, rule, or other law;

(b)     information that reveals trade secrets;

(c)     research, technical, commercial, accounting, business, or financial information;

(d)     medical information concerning any individual;

(e)     personally identifiable information, including without limitation social security numbers and financial information associated with individuals;

(f)     tax returns and any accompanying schedules and attachments; or

(g)     personnel or employment records of an individual.

2

Documents: A Consenting Party or third-party, including a recipient of a subpoena, may designate a document or portion of a document "CONFIDENTIAL" by placing the legend "CONFIDENTIAL" on each page so designated. A party may designate electronically stored information produced in native format "CONFIDENTIAL" by (i) including the word "CONFIDENTIAL" in the filename of each file so designated, (ii) segregating the information so designated into folders or other distinct storage containers that are clearly named and/or labeled "CONFIDENTIAL," or (iii) any other method the Consenting Parties agree in writing for designating such document, information, or materials "CONFIDENTIAL."

Third-Party Discovery: The Consenting Parties shall provide a copy of this Protective Order with any subpoena issued to a third-party in this litigation. Discovery Materials a Consenting Party obtains by subpoena shall be served on all other parties within ten (10) days of receipt and shall be deemed Confidential Information from the time the subpoenaing party first receives them until fourteen (14) days after they have been served on all other parties. Any party, including the recipient of the subpoena, may designate such Discovery Materials "CONFIDENTIAL" during the fourteen-day period described above. Any Discovery Material not designated "CONFIDENTIAL" by the third-party recipient of the subpoena or designated "CONFIDENTIAL" by a Consenting Party prior to the expiration of the fourteen-day period described above shall cease to be deemed Confidential Information once such period expires.

3

Deposition Testimony: Any party may designate deposition testimony "CONFIDENTIAL" on the record during a deposition. Following a deposition, any party may designate testimony from the deposition "CONFIDENTIAL" within 90 days after receiving the deposition transcript (the earliest date of receipt, whether of a rough draft, emailed, final or other transcript) by informing all other parties in writing of the portions of the transcript (identified specifically by page and line) to be so designated.

Search Terms or Other Technology: The prosecution and defense of this action may require each Consenting Party to review and disclose large quantities of information and documents, including electronically stored information, through the discovery process. As a result, a full page-by-page preproduction review of documents, electronically stored information, or other material produced in this litigation may impose an undue burden on the Consenting Parties' resources that is disproportionate to the needs of the case. Therefore, the Court determines that the Consenting Parties may designate documents, electronically stored information, or other materials as "CONFIDENTIAL" based on search terms, filtering, or other method or computer technology employed to identify information that might be entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure.

Subsequent Designation: If a Consenting Party or third-party produced Discovery Materials that contain Confidential Information prior to entry of this Protective Order, such Consenting Party or third-party may designate the Discovery

4

Material as Confidential Information by giving prompt, written notice of the designation to all Consenting Parties. Thereafter, such Discovery Material containing Confidential Information shall be treated as produced pursuant to this Protective Order and designated as Confidential Information from the date such material was first produced. No Consenting Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material had not yet been designated Confidential Information.

Inadvertent Failure to Designate: An inadvertent failure to designate Discovery Materials as Confidential Information does not, standing alone, waive the right to so designate the Discovery Materials; provided, however, that a failure to timely designate deposition testimony as required by this Protective Order, even if inadvertent, waives any protection for deposition testimony. If a Designating Party designates a document as Confidential Information after it was initially produced, the other Consenting Parties, on written notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Protective Order. No Party shall be found to have violated this Protective Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information. If a Consenting Party identifies a document (not previously marked or identified as Confidential Information) that appears on its face or in light of facts known to the Consenting Party to contain Confidential Information of any person, the Consenting Party identifying the information is under a good-faith obligation to notify the party

5

that produced the document and/or the interested person of the disclosure. Such notification does not waive the identifying Consenting Party's ability to subsequently challenge any assertion that the document contains Confidential Information.

2. The Consenting Parties may produce the Confidential Information in its unredacted form.

3. The Discovery Materials designated Confidential Information shall be held in strict confidence (except as otherwise provided in this Protective Order). Right of access to the Confidential Information (subject to the restrictions contained in this Protective Order) produced to any Consenting Party shall be limited to Consenting Parties; counsel for any Consenting Parties, their paralegals, agents, and other employees, expert witnesses and consultants in their employ, and any other person authorized by counsel to examine such materials in connection with this litigation. Right of access for the Consenting Parties shall be limited to only those who need to have access for purposes of this litigation. The Consenting Parties' right of access to the Confidential Information is limited to the purposes of litigation in this case. Counsel for any witness and such witness may examine the Confidential Information, subject to the restrictions contained in this order. Except as provided in paragraph 14, below, any person having access to the Confidential Information shall be informed that such material is confidential and subject to a protective order issued by this Court, and individuals to whom the Confidential Information are made available are bound by the restrictions in this Protective Order. Any counsel for any Consenting Party who provides a person with access to the Confidential Information pursuant to

6

the terms of this order shall take reasonable steps to ensure that such person complies with this Protective Order.

4. Except as provided in paragraph 14, below, those having right of access to the Confidential Information shall use the Confidential Information only for purposes of litigating this case. The Consenting Parties and their counsel shall not use or disclose, and shall take all reasonable steps to prevent the use or disclosure of, the Confidential Information or the information they contain for any other reason. If a Consenting Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, that Consenting Party must make reasonable efforts to (i) notify in writing the Designating Party of the unauthorized disclosres, (ii) inform the person or persons to whom the unauthorized disclosures were made of all terms of this Protective Order, and (iii) retrieve all unauthorized coies of the Confidential Information. A Consenting Party that complies with the terms of this Paragraph promptly after learning of an inadvertent disclosure of Confidential Information will be deemed in compliance with the requirements of this Protective Order, and the Trade Secrets Act.

5. The substance of the information contained in the Confidential Information shall not be disclosed by any means whatsoever by those having right of access to the Confidential Information, except as set forth in paragraphs 3, 4, 6, 7, 8, 9, 10, and 14 of this Protective Order. However, subject to the restrictions contained in this order,

7

the information contained in the Confidential Information may be discussed among and/or conveyed to those having the right to access the Confidential Information.

6. No person having access to the Confidential Information shall make public disclosure of the Confidential Information without further order of this Court, or stipulation by the Parties, except as set forth in paragraphs 7 - 9 and 14, below.

7. Subject to modification by the Court, the Confidential Information shall not be filed with or referred to in documents, pleadings, arguments, and/or testimony presented in connection with this litigation other than in one of the following three manners:

a. In a manner that would not reveal the identities of the individuals about whom the records pertain or otherwise disclose information protected from disclosure;

b. Filed "under seal" pursuant to an order of the Court in accordance with the procedures set forth in the Local Civil Rules, E.D.N.C.; or

c. Using such other means or methods that are agreeable to the Consenting Parties and approved by this Court.

8. The Confidential Information subject to this Protective Order shall not lose their confidential and/or protected status through the use of such Confidential Information during the course of this litigation, and the Consenting Parties shall take all steps reasonably required to protect their confidentiality during such use.

9. Attendance at depositions at which the Confidential Information are identified, discussed, or disclosed shall be limited to the deposition notary, court

8

reporter(s), videographer(s), the deponent and their counsel, counsel for the Consenting Parties, and any other person who is subject to the terms of this order. Depositions and videos of depositions in which Confidential Information subject to this order is introduced may be used in this litigation, so long as the use is consistent with Paragraph 7 of this Protective Order.

10. Confidential Information subject to this Protective Order shall not be further reproduced by any Consenting Party except in connection with their use in this litigation. Any reproductions by any Consenting Party of materials subject to this Protective Order shall also be subject to the terms of this Protective Order.

11. The Confidential Information subject to this Protective Order, including any notes, memoranda, summaries, and other documents reflecting the sensitive information they contain, shall be destroyed within 60 days of the conclusion of all trial and appellate proceedings in this litigation. In the event that any copies of the Confidential Information are made by any Consenting Party, all such copies shall be destroyed within 60 days of the conclusion of all trial and appellate proceedings in this litigation. Notwithstanding the above requirements to destroy Confidential Information, law enforcement agencies may retain Confidential Information in use for law enforcement purposes, subject only to applicable laws and regulations, and counsel may retain: (a) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information and (b) one complete set of all documents filed with the Court including those filed under seal.

12. This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material. This order is without prejudice to the right of any Consenting Party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, or any statute or other authority. Specifically, pursuant to Federal Rule of Evidence 502(d), nothing in this order waives potential privilege claims or work-product protection asserted by the Consenting Parties, including for the Confidential Information, the protected information contained in the Confidential Information, and the subject matter of the Confidential Information, and nothing in this order waives the right of any Consenting Party to challenge those assertions.

13. The designation of any Discovery Materials as Confidential Information is subject to challenge by any Consenting Party, as follows:

(a)     Meet and Confer.  A Consenting Party challenging the designation of Confidential Information (the "Challenging Party") must do so in good faith and must begin the process by conferring directly with counsel for the party designating the Discovery Material as Confidential Information (the "Designating Party").   In conferring, the Challenging Party must explain the basis for its belief that the designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The Designating Party

10

must respond to the challenge within 14 business days, except as provided in Subparagraph (b).

(b)     Judicial Resolution. If, after satisfying the requirements of Paragraph 13(a) of this Protective Order, a Challenging Party elects to challenge a designation, that Challenging Party may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 13(a). The Designating Party shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Protective Order.

14. Nothing in this order prohibits the United States from using or disclosing the Confidential Information consistent with its oversight and law enforcement functions, or otherwise in accordance with applicable law, regulations, and policies, including any authorized disclosures to Congress or other federal departments or agencies. This order pertains to all materials produced among the Consenting Parties in this case, and is retroactively applicable to any material produced before this order was entered. This order does not pertain to any other materials.14. Effect of this Order:

11

(a)     The production of documents by a Consenting Party in accordance with this Protective Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

(b)     Except on privilege grounds not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.   This paragraph, however, is not intended to preclude the Consenting Parties from objecting to discovery on other grounds.(c)     This     Protective     Order does not apply to copies of documents or other materials obtained outside of discovery in this litigationregardless of whether such Discovery Materials also are obtained through discovery in this action.

(d)     Nothing in this Protective Order or any action or agreement of a Consenting Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

15. This Protective Order is subject to to modification by the Court on its own initiative or on motion of a Consenting Party or any other person with standing concerning the subject matter.

12

16. This Protective Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

SO ORDERED:

Dated: *October 4, 2023*

*Terrence Boyle*
HON. TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

13